UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**PABLO CERDA,**

    **Plaintiff,**

v.                                            No. SA-20-CV-00561-JKP

**ALLSTATE FIRE AND CASUALTY
INSURANCE COMPANY,**

    **Defendant.**

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Pablo Cerda's Motion to Remand, and Response thereto. ECF Nos. No. 9, 11. Upon consideration of the Motion, the Response, the pleading before the Court and evidence submitted, the Court concludes the Motion to Remand is DENIED.

## BACKGROUND FACTS

The undisputed facts show Cerda filed an Original Petition in state court naming Allstate Indemnity Company (incorrectly named and sued as Allstate Fire and Casualty Insurance Company, hereinafter, "Allstate") as the sole defendant on March 27, 2020. On May 6, 2020, at 3:21 p.m., Allstate filed in this federal court its Notice of Removal, attaching the Original Petition and other required documents. Also on May 6, 2020, at 3:27 p.m., Cerda filed in state court a First Amended Petition. Finally, at 3:51 p.m., on May 6, 2020, Allstate filed in state court its Notice of Removal of the case to this federal court.

Cerda now moves to remand this case to state court asserting he added a non-diverse defendant, Corey Tate, in his First Amended Petition. While Cerda produces and attaches to his Motion to Remand a Notice of Filing of the First Amended Petition, he does not attach, or oth-

erwise present to this Court, a copy of the First Amended Petition. Cerda did not seek leave to amend his Complaint in this Court.

Cerda also asserts in his Motion to Remand he served Mr. Tate by electronic service in state court. The proof of filing shows only Allstate's attorney received notice of this filing through electronic service. This form of service does not appear to be proper. *See* Fed.R.Civ.P. 4(e); Tex.R.Civ.P. 106(a); Tex.R.Civ.P. 107(a)-(c). Cerda does not produce or otherwise present to this Court any proof of service pursuant to the Federal or Texas Rules of Civil Procedure.

At the Initial Pretrial hearing held by Magistrate Judge Chesney on August 12, 2020, Cerda stated he does not intend to seek leave to amend the Original Complaint, that is, the Original Petition filed in state court. The Scheduling Order deadline to amend pleadings is now passed.

## ANALYSIS

A federal court holds original, diversity jurisdiction in a case between citizens of different states when the amount in controversy exceeds $75,000, exclusive of interest or costs. 28 U.S.C. § 1332(a). Still, even if diversity jurisdiction under Section 1332(a) exists, an action filed in state court is not removable if *any properly joined and served defendant* is a citizen of the state in which the action is brought. 28 U.S.C. § 1441 (a), (b)(2)(emphasis added); *Grizzly Mountain Aviation, Inc. v. McTurbine, Inc.*, 619 F. Supp. 2d 282, 286 (S.D. Tex. Apr. 4, 2008). The removing party has the burden to show federal jurisdiction exists and removal was proper. *Scarlott v. Nissan N. Am., Inc.*, 771 F.3d 883, 887 (5th Cir. 2014). This burden extends to demonstrating both the jurisdictional basis for removal and compliance with the requirements of the removal statute. *See Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 365 (5th Cir.1995). "Challenges to removal jurisdiction require an inquiry into the circumstances at the time the notice of

removal is filed." *Briggs v. Toyota Mfg. of Tex.*, SA-07-CV-1031-FB, 2008 WL 11417205, at *5–6 (W.D. Tex. Sept. 17, 2008).

At the time Allstate removed this action to this Court on May 6, 2020 at 3:21 p.m., Cerda's Original Petition was the live pleading. Allstate properly attached the Original Petition to the Notice of Removal, and this Original Petition is properly before the Court. Allstate's Notice of Removal, and the Original Petition satisfy its burden to demonstrate both the jurisdictional basis for removal and compliance with the requirements of the removal statute.

Cerda asserts in his Motion to Remand that he filed in state court a First Amended Petition adding Tate, a non-diverse defendant. However, Cerda did not attach the First Amended Petition to his Motion to Remand or otherwise present it to this Court. Cerda does not dispute he filed the First Amended Petition only in state court after Allstate removed the case to this Court. Therefore, the First Amended Petition is not part of the record this Court may review. Cerda's reference to the First Amended Petition in his Motion to Remand is not evidence.

Cerda indicated to this Court he does not intend to seek leave to amend his Complaint pursuant to 28 U.S.C. § 1447(e), and the Scheduling Order deadline to do so is now passed.

Consequently, the Complaint and evidence properly before this Court demonstrate the only named defendant at the time of removal, Allstate, holds diverse citizenship from Cerda and is not a citizen of Texas. These facts are undisputed. Consequently, Allstate demonstrates this Court held diversity jurisdiction at the time of removal, and Cerda has not shown any evidence to refute this showing. Cerda's Motion to Remand is denied on this basis.

## CONCLUSION

For the reasons stated, Cerda's Motion to Remand is DENIED.

It is so ORDERED.
SIGNED this 24th day of September, 2020.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE